IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SPIDER SEARCH ANALYTICS LLC,<br><br>        Plaintiff,<br><br>   v.<br><br>SHUTTERSTOCK, INC.,<br><br>        Defendant. | C. A. No. 1:18-cv-745-VAC-MPT<br><br>**JURY TRIAL DEMANDED** |

**SHUTTERSTOCK, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

Defendant Shutterstock, Inc. ("Shutterstock" or "Defendant") files this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Spider Search Analytics LLC's ("Spider Search" or "Plaintiff") Original Complaint for Patent Infringement ("Complaint"). Shutterstock denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.[1]

## NATURE OF THE ACTION

1. Shutterstock admits that the Complaint purports to set forth an action for infringement of U.S. Patent No. 7,454,430 (the "'430 Patent") under the Patent Laws of the United States, 35 United States Code, and that Plaintiff seeks injunctive relief, damages, attorney's fees, and costs, but Shutterstock denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Shutterstock admits that a purported copy of the '430 Patent is attached to the Complaint as Exhibit A. Shutterstock denies any remaining allegations in Paragraph 1 of the Complaint.

---

[1] For avoidance of doubt, Shutterstock denies liability for all allegations of patent infringement included or implied in the introductory paragraph or in any headings of the Complaint.

## THE PARTIES

2. Shutterstock is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and, on that basis, denies all such allegations.

3. Shutterstock admits the allegations in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. Shutterstock admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff has alleged infringement of a patent, but Shutterstock denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief.

5. Shutterstock does not contest that venue may be proper in this judicial district in this case, but denies that venue is convenient as to Shutterstock.

6. Shutterstock does not contest whether personal jurisdiction over it properly lies in this judicial district in this case. Shutterstock admits that it conducts business in this district. Shutterstock denies the remaining allegations in Paragraph 6 of the Complaint.

## [ALLEGED] FACTUAL ALLEGATIONS

7. Shutterstock admits that the purported copy of the '430 Patent that is attached to the Complaint as Exhibit A indicates that it issued on November 18, 2008, and that it is entitled "System and Method for Facts Extraction and Domain Knowledge Repository Creation from Unstructured and Semi-Structured Documents." Shutterstock is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 of the Complaint and, on that basis, denies all such allegations.

8. Shutterstock is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and, on that basis, denies all such allegations.

9. Shutterstock admits that the purported copy of the '430 Patent that is attached to the Complaint as Exhibit A contains three independent claims and twenty-four dependent claims.

10. Shutterstock admits that the '430 Patent speaks for itself, but denies any characterizations inconsistent therewith. Shutterstock denies any remaining allegations in Paragraph 10 of the Complaint.

11. Shutterstock denies the allegations in Paragraph 11 of the Complaint.

## DEFENDANT'S PRODUCTS

12. Shutterstock is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 concerning the "80legs' customers" and, on that basis, denies all such allegations. Shutterstock denies the remaining allegations in Paragraph 12 of the Complaint.

13. Shutterstock incorporates its admissions, averments, and denials in Paragraph 12 above as if set forth fully herein. Shutterstock denies the remaining allegations in Paragraph 13 of the Complaint.

14. Shutterstock is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and, on that basis, denies all such allegations.

15. Shutterstock admits that the '430 Patent speaks for itself, but denies any characterizations inconsistent therewith. Shutterstock denies that it has committed or is committing acts of infringement in this district or elsewhere and, on that basis, denies the remaining allegations in Paragraph 15 of the Complaint.

## [ALLEGED] INFRINGEMENT OF THE '430 PATENT

16. Shutterstock incorporates by reference each of its responses set forth in Paragraphs 1-15 above as if fully set forth herein.

17. Shutterstock denies the allegations in Paragraph 17 of the Complaint.

18. Shutterstock admits that it has had knowledge of the existence of the '430 Patent since the commencement of the instant lawsuit. Shutterstock denies the remaining allegations in Paragraph 18 of the Complaint.

19. Shutterstock denies the allegations in Paragraph 19 of the Complaint.

20. Shutterstock denies the allegations in Paragraph 20 of the Complaint.

21. Shutterstock denies the allegations in Paragraph 21 of the Complaint.

22. Shutterstock denies the allegations in Paragraph 22 of the Complaint.

23. Shutterstock denies the allegations in Paragraph 23 of the Complaint.

### [PLAINTIFF'S] DEMAND FOR JURY TRIAL

Shutterstock is not required to provide a response to Plaintiff's demand for jury trial.

### [PLAINTIFF'S] PRAYER FOR RELIEF

To the extent that a response is required to Plaintiff's prayer for relief, Shutterstock denies that Plaintiff is entitled to any judgment against Shutterstock and/or an order granting relief in any of the forms requested in parts 1-6.

### AFFIRMATIVE DEFENSES

Shutterstock's Affirmative Defenses are listed below. Shutterstock reserves the right to amend its answer to add additional Affirmative Defenses consistent with the facts discovered in this case.

### FIRST AFFIRMATIVE DEFENSE

Shutterstock has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '430 Patent.

**SECOND AFFIRMATIVE DEFENSE**

Each asserted claim of the '430 Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**THIRD AFFIRMATIVE DEFENSE**

To the extent that Plaintiff and any predecessors in interest to the '430 Patent failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that Shutterstock's actions allegedly infringe the '430 Patent, Shutterstock is not liable to Plaintiff for the acts alleged to have been performed before Shutterstock received actual notice that it was allegedly infringing the '430 Patent.

**FOURTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff asserts that Shutterstock indirectly infringes, either by contributory infringement or inducement of infringement, Shutterstock is not liable to Plaintiff for the acts alleged to have been performed before Shutterstock knew that its actions would cause indirect infringement.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's attempted enforcement of the '430 Patent against Shutterstock is barred by one or more of the equitable doctrines of laches, estoppel, acquiescence, waiver, and unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

The claims of the '430 Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by Shutterstock.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Plaintiff has failed to state a claim upon which relief can be granted.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the '430 Patent does not claim patent eligible subject matter under 35 U.S.C. § 101.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that any system employed or process practiced by Shutterstock infringes any claim of the '430 Patent.

### SHUTTERSTOCK'S COUNTERCLAIMS

For its counterclaims against Plaintiff Spider Search Analytics LLC ("Spider Search"), Counterclaim Plaintiff Shutterstock, Inc. ("Shutterstock"), alleges as follows:

### PARTIES

1. Counterclaim Plaintiff Shutterstock is a corporation organized and existing under the laws of the State of Delaware, with a place of business located at 350 Fifth Avenue, 21st Floor, New York, New York 10118.

2. Upon information and belief based solely on Paragraph 2 of the Complaint as pled by Plaintiff, Counterclaim Defendant Spider Search, is a foreign limited liability company organized and existing under the laws of the State of Texas with its principal place of business located at 101 E. Park Blvd., Suite 600, Plano, Texas 75074.

### JURISDICTION

3. Shutterstock incorporates by reference Paragraphs 1-2 above.

4. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5. Spider Search has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6. Based solely on the filing of this action, venue is proper, though not necessarily convenient, in this District pursuant at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I

## DECLARATION REGARDING NON-INFRINGEMENT

7. Shutterstock incorporates by reference Paragraphs 1-6 above.

8. Based on the filing of this action and at least Shutterstock's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Shutterstock infringes U.S. Patent No. 7,454,430 (the "'430 Patent").

9. Shutterstock does not infringe any valid, enforceable claim of the '430 Patent.

10. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Shutterstock requests a declaration by the Court that Shutterstock has not infringed and does not infringe any claim of the '430 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## COUNT II

## DECLARATION REGARDING INVALIDITY

11. Shutterstock incorporates by reference Paragraphs 1-10 above.

12. Based on the filing of this action and at least Shutterstock's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '430 Patent.

13. The asserted claims of the '430 Patent are anticipated and/or rendered obvious by, inter alia, WO2002010968A2 and U.S. Patent No. 6,983,282.

14. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Shutterstock requests a declaration by the Court claims of the '430 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHEREFORE, Shutterstock asks this Court to enter judgment in Shutterstock's favor and against Spider Search by granting the following relief:

a) a declaration that the '430 Patent is invalid;

b) a declaration that Shutterstock does not infringe, under any theory, any valid claim of the '430 Patent that may be enforceable;

c) a declaration that Spider Search take nothing by its Complaint;

d) judgment against Spider Search and in favor of Shutterstock;

e) dismissal of the Complaint with prejudice;

f) a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Shutterstock of its costs and attorneys' fees incurred in this action; and

g) further relief as the Court may deem just and proper.

## JURY DEMAND

Shutterstock hereby demands trial by jury on all issues.

Dated: June 21, 2018 FISH & RICHARDSON P.C.

By: */s/ Jeremy D. Anderson*
    Jeremy D. Anderson (#4515)
    222 Delaware Avenue, 17th Floor
    Wilmington, Delaware 19801
    (302) 652-5070 (Telephone)
    (302) 652-0607 (Facsimile)
    janderson@fr.com

    Neil J. McNabnay
    Ricardo J. Bonilla
    Theresa M. Dawson
    Gina K. Kim
    1717 Main Street, Suite 5000
    Dallas, Texas 75201
    (214) 747-5070 (Telephone)
    (214) 747-2091 (Facsimile)
    mcnabnay@fr.com
    rbonilla@fr.com
    tdawson@fr.com
    gakim@fr.com

COUNSEL FOR DEFENDANT
SHUTTERSTOCK, INC.